IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | | |
|---|---|---|---|
| ARTURO LANDER, | * | | |
| Plaintiff, | * | | |
| v. | * | Civil Action No. AW-05-290 | |
| WESTAT, INC., | * | | |
| Defendant. | * | | |

*****

**MEMORANDUM OPINION**

This action involves a Title VII employment discrimination suit brought by Arturo Lander ("Lander" or "Plaintiff") against Westat, Inc. ("Westat" or "Defendant"). Currently pending before the Court is Defendant's Motion to Dismiss [11]. The Court has reviewed the entire record, as well as the Pleadings with respect to the instant motion. No hearing is deemed necessary. *See* Local Rule 105.6 (D.Md. 2004). For the reasons stated below, the Court will grant-in-part and deny-in-part Defendant's Motion to Dismiss.

**I.     FACTUAL & PROCEDURAL BACKGROUND**

The following facts are taken in the light most favorable to the non-movant. Lander, a Spanish-American male, was employed by Westat from March 1997 until February 27, 2004. On February 27, 2004, Lander was fired from his position with Westat.

On April 14, 2004, Lander filed a complaint with the Equal Employment Opportunity Commission ("EEOC Complaint"). In his EEOC Complaint, Lander alleged that, on February 27, 2004, he was discharged from his employment with Westat because of his national origin, which Lander listed as "Hispanic."

1

On November 8, 2004, Lander filed an amended complaint with the EEOC ("EEOC Amended Complaint"). The EEOC Amended Complaint included an additional charge of retaliation. Specifically, Lander alleged that, during the summer of 2001, he discovered offensive pornography on an employee's computer, which he reported to his supervisor. Lander was told to delete the pornography and was warned not to mention the incident to anyone. Within two weeks, the employee possessing the pornography was promoted to the position of Lander's supervisor. Lander alleged that he was told that he would not receive a raise and may not have a position with the company because of the incident. Lander alleged that he was fired in retribution for his incident, as well as in retribution for his allegations of discrimination.

On November 30, 2004, the EEOC dismissed Lander's complaint and issued Lander a Right to Sue letter. On February 1, 2004, Lander filed suit in this Court, alleging six causes of action, including the following federal causes of action: Count II — National Origin Discrimination in violation of 42 U.S.C. § 1981; Count IV — Retaliation in violation of 42 U.S.C. § 1981; Count V— Breach of Contract in violation of 42 U.S.C. § 1981. On February 17, 2005, Westat filed the instant Motion to Dismiss. The motion is now ripe for review, and the Court will issue an Opinion.

## II.     MOTION TO DISMISS STANDARD

### A.     Rule 12(b)(1)

Motions to dismiss for failure to exhaust administrative remedies are governed by Federal Rule of Civil Procedure 12(b)(1). *Khoury v. Meserve*, 268 F.Supp.2d 600, 606 (D. Md. 2003). When a Rule 12(b)(1) motion challenge is raised to the factual basis for subject matter jurisdiction, the burden of proving subject matter jurisdiction is on the plaintiff. *Richmond, Fredericksburg & Potomac R. Co. v. United*

*States*, 945 F.2d 765, 768 (4th Cir. 1991). In determining whether jurisdiction exists, "the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Id.* The court must presume that all factual allegations in the complaint are true and make all reasonable inferences in the plaintiff's favor. *Khoury*, 268 F.Supp.2d at 606.

**B.      Rule 12(b)(6)**

It is well established that a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure should be denied "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief." *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In determining whether to dismiss a complaint pursuant to Rule 12(b)(6), this Court must view the well-pleaded material allegations in the light most favorable to the plaintiff and accept the factual allegations contained within the plaintiff's complaint as true. *See Flood v. New Hanover County*, 125 F.3d 249, 251 (4th Cir. 1997) (*citing Estate Constr. Co. v. Miller & Smith Holding Co., Inc.*, 14 F.3d 213, 217-18 (4th Cir. 1994)); *Chisolm v. TranSouth Finan. Corp.*, 95 F.3d 331, 334 (4th Cir. 1996).

The Court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *See Papasan v. Allain*, 478 U.S. 265, 286 (1986) (citing *Briscoe v. LaHue*, 663 F.2d 713, 723 (7th Cir. 1981)); *Young v. City of Mount Ranier*, 238 F.3d 576, 577 (4th Cir. 2001) (the mere "presence ... of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6)"). Nor is the Court "bound to accept [Plaintiff's] conclusory allegations regarding the legal effect of the facts alleged." *United Mine Workers of Am. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085-86 (4th Cir. 1994); *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). Thus, a complaint may be dismissed

as a matter of law if it lacks a cognizable legal theory *or* if it alleges insufficient facts to support a cognizable legal theory. *See Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984) (citing 2A J. Moore, Moore's Federal Practice ¶ 12.08 at 2271 (2d ed. 1982)).

### III.   ANALYSIS

#### A.   Count II — National Origin Discrimination in violation of 42 U.S.C. § 1981

Plaintiff's discrimination charge contains two components. Plaintiff asserts that he was discriminated against on the basis of national origin when he was fired by Defendant on February 27, 2004. Plaintiff also argues that he was discriminated against during the course of his employment with Defendant insofar as he was subjected to disparate treatment because of his national origin.

Defendant argues that Plaintiff's latter complaint of disparate treatment falls outside of the scope of his EEOC Complaint and therefore must be dismissed. The Court agrees. Before a plaintiff has standing to file suit under Title VII, he must exhaust his administrative remedies by filing a charge with the EEOC. *See Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000). The EEOC charge defines the scope of the plaintiff's right to institute a civil suit. *Id.* "An administrative charge of discrimination does not strictly limit a Title VII suit which may follow; rather, the scope of the civil action is confined only by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination." *Chisholm v. United States Postal Serv.*, 665 F.2d 482, 491 (4th Cir. 1981).

Plaintiff's EEOC Complaint and Plaintiff's EEOC Amended Complaint make no allegations of disparate treatment. Indeed, these documents do not make mention of the treatment that any other of Defendant's employees received, or even that other such employees existed. Therefore, the Court finds that any claims of disparate treatment are not properly before this Court and will be dismissed from

Plaintiff's Complaint pursuant to Rule 12(b)(1).

Defendant further argues that a claim of national origin discrimination is not cognizable under 42 U.S.C. § 1981, and therefore Plaintiff's claim must be dismissed. It is a well-settled point of law that Section 1981 "does not provide protection for individuals discriminated against on the basis of national origin." *Duane v. Gov't Employees Ins. Co.*, 784 F.Supp. 1209, 1216 (D. Md. 1992). The question becomes, therefore, whether Plaintiff has adequately pled racial discrimination, which is a cognizable claim under Section 1981. *Id.*

Federal Rule of Civil Procedure 8(2)(a) provides that a viable complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.Pro. 8(2)(a). This requirement is by no means onerous; instead, it is designed to ensure that the complaint "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). "The liberal notice pleading of Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Under this pleading system, a plaintiff must only "set forth facts sufficient to allege each element of his claim." *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002).

In Paragraph 32 of his Complaint, Plaintiff states: "As a Spanish-American (Hispanic) male, Mr. Lander is in a class of persons protected by Title VII and 24 U.S.C. § 1981." First, in conjunction with his cite to Title VII, the Court assumes that Plaintiff meant to reference 42 U.S.C. § 1981. Second, construing Plaintiff's instant allegation broadly, the Court finds that Plaintiff has given Defendant fair notice of his claim under Title VII for discrimination on the basis of his race, which is Hispanic.

Accordingly, the Court will not dismiss Count II of Plaintiff's Complaint but will limit the scope of

5

Count II to Plaintiff's February 27, 2004 termination and to allegations of discrimination based on race. The Court will similarly limit the scope of Count I of Plaintiff's Complaint, for National Origin Discrimination in violation of Montgomery County Code and Maryland Annotated Code.

    **B.**    **Count IV — Retaliation in violation of 42 U.S.C. § 1981**

Plaintiff alleges that he was retaliated against in retribution for his complaints concerning pornography on a co-worker's computer and for his charges of discrimination. Plaintiff's Complaint alleges that the basis for this retaliation was both his national origin and the fact that he reported another's employee's possession of sexually explicit materials. This allegation of retaliation was not set forth in Plaintiff's EEOC Complaint, filed April 14, 2004, but was discussed in Plaintiff's EEOC Amended Complaint, filed November 8, 2004.

In its Motion to Dismiss, Defendant argues that the allegations of retaliation set forth in the Complaint were not timely filed with the EEOC within 300 days of the occurrence of said conduct, and therefore Plaintiff's retaliation claim should be dismissed. However, in its reply brief, Defendant seems to concede that some of the conduct to which Plaintiff cites as evidence of retaliation, namely his February 27, 2004 termination, occurred within the statutory time period. Thus, Defendant urges this Court to limit the scope of Count IV to conduct that occurred within the 300 days prior to November 8, 2004, when Plaintiff filed his EEOC Amended Complaint.

In *Nat'l R. R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113, (2002), the Supreme Court reaffirmed the proposition that, for purposes of exhausting administrative remedies under Title VII, "mere continuity of employment, without more, is insufficient to prolong the life of a cause of action for employment discrimination." (quoting *Delaware State College v. Ricks*, 449 U.S. 250, 257 (1980)).

The Court further explained:

> ... discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discrete discriminatory act starts a new clock for filing charges alleging that act. The charge, therefore, must be filed within the 180- or 300-day time period after the discrete discriminatory act occurred. The existence of past acts and the employee's prior knowledge of their occurrence, however, does not bar employees from filing charges about related discrete acts so long as the acts are independently discriminatory *and charges addressing those acts are themselves timely filed*.

*Id.* (emphasis added).

Here, Plaintiff's Complaint alleges one specific act of retaliation — his February 27, 2004 termination. Additionally, Plaintiff's Complaint alleges a multitude of vague discriminatory acts concerning Plaintiff's compensation, terms and conditions of employment, salary increases, bonuses, and work environment. Per *Morgan*, the Court finds that Plaintiff's retaliation charge may only include those acts of retaliation that occurred within the 300 days prior to November 8, 2004, when Plaintiff filed his EEOC Amended Complaint. Furthermore, the Court notes that Plaintiff's EEOC Amended Complaint contains an allegation that the employee on whose computer Plaintiff discovered pornography was promoted to Plaintiff's supervisor in Summer 2001. Plainly, this alleged act of retaliation is outside the 300 day time period and cannot serve as a basis for Plaintiff's retaliation charge. As such, the Court will not dismiss Count IV of Plaintiff's Complaint but will limit the scope of his retaliation claim. For the reasons discussed above, the Court will also limit the scope of Plaintiff's retaliation claim to allegations of retaliation based on race, as opposed to national origin. The Court will similarly limit the scope of Count III of Plaintiff's Complaint, for Retaliation in violation of Montgomery County Code and Maryland Annotated Code.

### C. **Count V— Breach of Contract in violation of 42 U.S.C. § 1981**

Plaintiff alleges a breach of contract in violation of 42 U.S.C. § 1981. As noted above, before a plaintiff has standing to file suit under Title VII, he must exhaust his administrative remedies by filing a charge with the EEOC. *See Smith*, 202 F.3d at 247. Nowhere in the EEOC Complaint or the EEOC Amended Complaint does Plaintiff allege a breach of contract. Indeed, Plaintiff's current allegation, that Defendant breached its own procedures and policies on such diverse topics as involuntary termination, sexual harassment, equal employment opportunity, and staff review and bonuses, bares little to no resemblance to Plaintiff's EEOC complaints. Plaintiff does not respond to Defendant's argument that Plaintiff waived his Title VII breach of contract claim by failing to present it to the EEOC. For these reasons, the Court will dismiss Count V of Plaintiff's Complaint.

## IV.    CONCLUSION

For all of the aforementioned reasons, the Court will grant-in-part and deny-in-part Defendant's Motion to Dismiss [11]. An Order consistent with this Opinion will follow.

Date:   May 10, 2005                                           /s/
                                                        Alexander Williams, Jr.
                                                        United States District Court